IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVAN QUEZADA MATUTE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-5075 |
| | : | |
| J.L. JAMISON, et al. | : | |

**ORDER**

AND NOW, this 24th day of July, 2026, upon consideration of Petitioner Ivan Quezada Matute's Petition for Writ of Habeas Corpus (Dkt. No. 1) and the Government's response (Dkt. No. 3), and for the reasons stated in the accompanying Memorandum, it is ORDERED:

1. The Petition (Dkt. No. 1) is **GRANTED**. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);
2. The Government shall **RELEASE** Petitioner from custody immediately and shall certify compliance with this Order and accompanying Memorandum by filing on the docket no later than **5:00 P.M. EDT on July 27, 2026**;
3. In doing so, the Government shall not subject Petitioner to any conditions of release including the imposition of any and all GPS monitoring technology or devices that he was not subject to before his current detention;
4. The Government shall return Petitioner's personal property that it seized during his arrest and detention including his personal identification and documents;
5. The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody;
6. If, after the seven-day period, the Government chooses to pursue re-detention of Petitioner, it must first provide him with a bond hearing, at which a neutral immigration

judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

7. Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be transferred from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit the transfer of Petitioner; and
8. In the event of release after a bond hearing, the Government shall not subject Petitioner to conditions of release that are inconsistent with the exact terms as set by the Immigration Judge after the bond hearing, including the imposition of any and all GPS monitoring technology or devices.

It is further **ORDERED** that, upon receipt of the Government's certification of compliance with this Memorandum Opinion and Order, the Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.